UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHEP USA,<br><br>         Plaintiff,<br><br>    v.<br><br>SCC PALLETS, INC.,<br><br>         Defendant. | No. 2:24-cv-02121-DAD-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Before the Court is Plaintiff's motion for default judgment (ECF No. 11) and Defendant's motion to set aside the Clerk's entry of default (ECF No. 20). Motions for default judgment are referred to the Magistrate Judge pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). The Court hereby recommends that the motion for default judgment be DENIED and the motion to set aside be GRANTED.

**I.    Background and Procedural History**

Plaintiff initiated this matter by filing a complaint on August 5, 2024. ECF No. 1. Plaintiff brings various state law claims, including conversion and breach of contract, concerning its pallet business. Plaintiff leases pallets and operates over 150 service centers nationwide. ECF No. 1 at ¶¶ 13, 16. Plaintiff alleges that it never sells its pallets, the pallets are painted blue on the

1

side and inscribed with CHEP's logo, and it puts significant effort into tracking its pallets. *Id*. at ¶¶ 21-25. Plaintiff alleges it entered into an Asset Recovery Program ("ARP") agreement with Defendant that provided Defendant would return any pallets that came into its possession and would not buy, sell, modify, or destroy CHEP pallets. *Id*. at ¶ 27. Plaintiff alleges that Defendant was illegally acquiring and selling CHEP pallets. *Id*. at ¶ 29.

On August 13, 2024, Plaintiff filed a return of service stating that Defendant was served on August 9, 2024, and that an answer was due on September 3, 2024. ECF No. 4. On September 13, 2024, Plaintiff requested the Clerk enter default. ECF No. 6. The Clerk entered default on September 20, 2024. ECF No. 7. On December 12, 2024, Plaintiff moved for default judgment, but set the motion before Judge Drozd, and was instructed to reset the motion. ECF No. 9. Plaintiff re-filed the motion (ECF No. 11) on February 6, 2025, and set it for hearing on March 13, 2025. Defendant did not file an opposition to the motion for default judgment.

At the March 13, 2025 hearing, Defendant's CEO and CFO appeared. ECF No. 13. Thereafter, Defendant obtained counsel and moved to set aside the default. ECF No. 20. Plaintiff filed an opposition. ECF No. 22. The matter was submitted without oral argument. ECF No. 23.

## II. Legal Standards

### A. Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs requests for default judgment. Upon entry of default, the complaint's well-pled factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002); *Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing *Pope v. United States*, 323 U.S. 1 (1944); *Geddes v. United Fin. Group*, 559 F.2d 557 (9th Cir. 1977). Granting or denying default judgment is within the court's sound discretion. *See Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986); *Aldabe v. Aldabe*, 616 F.2d. 1089, 1092 (9th Cir. 1980). The Court considers a variety of factors in deciding whether to enter default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among them are:

(1) the possibility of prejudice to the plaintiff, (2) the merits of

>plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

### B.  Motion to Set Aside Clerk's Entry of Default

"Pursuant to Rule 55(c), a district court may set aside the entry of default upon a showing of good cause." *Brandt v. Am. Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011). In evaluating good cause, the court looks to the so-called *Falk* factors: 1) whether the plaintiff will be prejudiced, 2) whether the defendant has a meritorious defense, and 3) whether culpable conduct of the defendant led to the default. *See Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). The factors are evaluated in the disjunctive, and the court is free to deny the motion to set aside if any factor is established. *See Brandt*, 653 F.3d at 1111. However, even if the courts finds one of the factors is met, the decision of whether to set aside remains committed to the court's discretion. *Id.* at 1111-12. The court's discretion is "especially broad" where a party seeks to set aside the entry of default, rather than a default judgment. *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

### III.   Motion to Set Aside Clerk's Entry of Default

The Court will begin its analysis with consideration of Defendant's motion to set aside the Clerk's entry of default, because if the entry of default is set aside, Plaintiff is not entitled to a judgment by default. This analysis begins with consideration of the three *Falk* factors.

#### 1.  Whether Plaintiff Will be Prejudiced

In order to be prejudicial, the setting aside "must result in greater harm than simply delaying resolution of the case." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1095 (9th Cir. 2010). The Court finds no legally cognizable prejudice to Plaintiff. Default judgment has not been entered, Defendant has appeared, and the matter can proceed on the merits. Plaintiff's Opposition offers only brief argument on prejudice, stating that it has expended resources on a motion for default judgment and that there has been delay. ECF No. 22 at 5. Defendant contends that Plaintiff has not lost access to witnesses or evidence and

3

that no pretrial or trial schedule has been disrupted. ECF No. 20 at 6. Mere delay is insufficient to establish prejudice, and the Court finds Plaintiff will not be prejudiced by setting aside the Clerk's entry of default.

### 2. Whether Defendant Has a Meritorious Defense

Defendant has appeared and contends it has a defense to the allegations in the Complaint. Defendant submitted the declaration of Sergio Colin, its CEO. ECF No. 20-2. Defendant contends that it did acquire CHEP pallets, and returned the pallets pursuant to the contractual agreement referenced in the Complaint. *Id*. at ¶¶ 14-15. Plaintiff contends that Defendant's denial of liability is insufficient and conclusory. ECF No. 22 at 4. "All that is necessary to satisfy the meritorious defense requirement is to allege sufficient facts that, if true, would constitute a defense: the question whether the factual allegation is true is not to be determined by the court when it decides the motion to set aside the default." *United States v. Aguilar*, 782 F.3d 1101, 1107 (9th Cir. 2015) (cleaned up). This approach recognizes "the principle that the burden on a party seeking to vacate a default judgment is not extraordinarily heavy." *Id.* (internal citation and quotation omitted).

Defendant contends that it complied with the contractual agreement with Plaintiff and returned pallets, and that if any were sold, such sales were made unknowingly and likely because the pallets were inadequately marked. ECF No. 20-2 at ¶¶ 13-16. The Court finds these contentions sufficient to satisfy this factor. *See Ewing v. Isaac*, 2022 WL 17254757, *7 (S.D. Cal. Nov. 28, 2022) (finding "allegations sufficient to satisfy the low threshold of establishing a potentially meritorious defense").

### 3. Culpable Conduct of Defendant

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *Mesle*, 615 F.3d at 1092 (emphasis in original). Intentionality in this context "means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather to treat a failure to answer as culpable, the movant must have acted with bad faith." *Id.* Examples of "bad faith" include acting with "intention to take advantage of the opposing party, interfere with judicial

1  decisionmaking, or otherwise manipulate the legal process." *Id*.

2  The return of service states Mr. Colin, the registered agent, was served by leaving copies
3  at the office on August 9, 2024, with Hector Yerenia, and that service was also made via mail on
4  August 12, 2024.  ECF No. 4.  Mr. Colin states that he was out of the country August 9 to August
5  21, 2024, and that Mr. Yerenia was not an officer of Defendant or person authorized to accept
6  service of legal process.  ECF No. 20-2 at ¶ 4.  Mr. Colin claims he was not aware of the lawsuit
7  until February 10, 2025.  *Id.* at ¶ 2.

8  Mr. Colin further states that English is not his primary language, that Defendant is a small
9  family run business with six employees, and that he had never previously been served with a
10 lawsuit.  ECF No. 20-2 at ¶¶ 7-8, 11.  He states that when he did learn of the lawsuit in February
11 2025, he spoke with his CFO about it, and promptly appeared at the next scheduled hearing.  *Id.*
12 at ¶¶ 9-10.

13 Plaintiff argues that Defendants' conduct was culpable because in addition to service of
14 the complaint, Plaintiff also served via mail both motions for default judgment, one in December
15 2024 and the other in February 2025.  ECF No. 22 at 3.  This factor presents a close-call.
16 Defendant did not take any action to defend this matter until March 2025, seven months after
17 service of the complaint.  Nor does Defendant explain in a completely satisfactory way how he
18 failed to learn about the lawsuit until February 2025, despite the mailing of the initial complaint
19 and the mailing of the first motion for default judgment.  Even if Defendant did not receive initial
20 service, no action was taken until three months after the first motion for default judgment was
21 filed, and one month after the second, which Defendant admits receiving.

22 Crediting the claim that Defendant did not learn about the lawsuit until February 2025,
23 Defendant's failure to take immediate action—for example, to contact opposing counsel to
24 explain the earlier failure to respond—could certainly be characterized as negligent or careless,
25 but such is not sufficient.  *See Mesle*, 615 F.3d at 1092 ("simple carelessness is not sufficient to
26 treat a negligent failure to reply as inexcusable").  But on the current record, the Court does not
27 find the failure to answer was in bad faith.  And even if the Court were to conclude that this factor
28 weighed against setting aside the Clerk's entry of default, it would still conclude, in consideration

of the other factors, that setting aside is appropriate. *See Brandt*, 653 F.3d at 1112 ("A district court may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability, but need not.").

The Court finds Defendant has made a showing of good cause, and recommends that the motion to set aside (ECF No. 20) be GRANTED. If the Clerk's entry of default is set aside, then the motion for default judgment (ECF No. 11) is rendered moot. *See Mann v. Nationstar Mortg.*, 632 F.App'x 410 (9th Cir. 2016) (district court did not abuse discretion in granting motion to set aside clerk's entry of default, and motion for default judgment became moot); *Ewing*, 2022 WL 17254757, *8 (granting motion to set aside and denying as moot motion for default judgment).

## IV. Motion for Default Judgment

As set forth above, the Court recommends granting the motion to set aside the Clerk's entry of default and denying as moot the motion for default judgment. However, should the District Judge not adopt the recommendation as to the motion to set aside, the undersigned would recommend in the alternative denial of the motion for default judgment on the merits, for the reasons that follow.

### 1. Possibility of Prejudice to the Plaintiff

The first *Eitel* factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. *See Eitel*, 782 F.2d at 1471. Prejudice can be established where failure to enter a default judgment would leave plaintiff without a proper remedy. *See Pepsico, Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal 2002). Here, Plaintiff would not be left without recourse, as Defendant has appeared and the matter can proceed on the merits. Accordingly, the first factor weighs against the entry of default judgment.

### 2. Merits of Plaintiff's Substantive Claims and Sufficiency of the Complaint

Given that Defendant has appeared and is now defending the action, the Court will not opine about the merits of the substantive claims and the sufficiency of the complaint before Defendant has filed a responsive pleading. The Court will assume, for the sake of this discussion only, that factors two and three weigh in favor the entry of judgment by default.

### 3. Sum of Money at Stake

In weighing the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." *PepsiCo, Inc*., 238 F.Supp.2d at 1176-77. The factor weighs against default judgment when a large sum of money is at stake. *See Eitel*, 782 F. 2d. at 1472. Here, Plaintiff seeks a monetary award of $581,000. ECF No. 11-3 at 2. This is a significant amount of money, and perhaps more so in consideration of Defendant's representation that it is a small family-run business with six employees. ECF No. 20-2 at ¶ 7. The Court finds this factor weighs against default judgment.

### 4. Possibility of Disputed Material Facts

The fifth *Eitel* factor examines whether a dispute regarding material facts exists. *Eitel*, 782 F.2d. at 1471-72. Here, Defendant has appeared and contends it has a meritorious defense to the allegations in the Complaint. Defendant has submitted the declaration of Mr. Colin, its CEO. ECF No. 20-2. Defendant contends that it did acquire CHEP pallets, and returned the pallets pursuant to the contractual agreement referenced in the Complaint. *Id*. at ¶¶ 14-15. Thus the facts are disputed. This factor weighs against entry of default judgment.

### 5. Whether the Default Was Due to Excusable Neglect

The sixth *Eitel* factor considers whether a defendant's failure to answer is due to excusable neglect. *Eitel*, 782 F.2d at 1471-72. This factor considers due process, ensuring a defendant is given reasonable notice of the action. *See Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950).

The return of service states Mr. Colin, the registered agent, was served by leaving copies at the office on August 9, 2024, with Mr. Yerenia, and that service was also made via mail on August 12, 2024. ECF No. 4. Mr. Colin states that he was out of the country August 9 to August 21, 2024, and that Mr. Yerenia was not an officer of Defendant or person authorized to accept service of legal process. ECF No. 20-2 at ¶ 4. Mr. Colin claims he was not aware of the lawsuit until February 10, 2025.

As set forth in Plaintiff's Opposition (ECF No. 22) service of process was proper pursuant to California Code of Civil Procedure § 415.20(a). Additionally, Plaintiff states that it served via

mail both motions for default judgment, in December 2024 and February 2025. ECF No. 22 at 3. Mr. Colin claims to have received only the second one, in February. Even if not aware of the lawsuit until February 10, 2025, immediate action was not taken; rather Mr. Colin appeared at the hearing a little over one month later on March 13, 2025, without counsel.

Under the circumstances, it is debatable whether the Defendant's actions were the result of excusable neglect. *See Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001) (finding no excusable neglect because the defendants were served with the complaint, the notice of entry of default, as well as the papers in support of the instant motion). Whether neglect is excusable is an equitable determination that depends on at least four factors: 1) the danger of prejudice to the opposing party; 2) the length of the delay and its potential impact on the proceedings; 3) the reason for the delay; and 4) whether the movant acted in good faith. *Batemen v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000). In discussing the motion to set aside, *supra*, the Court has already found no prejudice to Plaintiff. The length of delay, from time of service to Defendant's first participation in the case in March 2025, was somewhat substantial—seven months—but there is no indication that it will impact the fair resolution of this matter. The alleged reasons for the delay were discussed above, and the Court did not find bad faith. Ultimately, the Court finds this factor weighs slightly in favor of the entry of default judgment.

**6. Policy of Deciding Cases on the Merits**

The seventh *Eitel* factor considers the courts' general disposition in favor of judgments on the merits. *See Eitel*, 782 F.2d at 1472. Defendant has now appeared and disputes the allegations of the Complaint. Accordingly, this factor weighs strongly against the entry of default judgment.

As set forth herein, at least four of the seven factors weigh against entry of default judgment. "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk*, 739 F.2d at 463. Thus, even if the Court were to reach the merits of the motion for default judgment, in consideration of the *Eitel* factors, the undersigned recommends that the motion be DENIED.

////

### V. Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Set Aside (ECF No. 20) be GRANTED;
2. Plaintiff's Motion for Default Judgment (ECF No. 11) be DENIED; and
3. Defendant be directed to file a responsive pleading to the Complaint within 14 days of the Order on these Findings and Recommendations.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 21, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE