UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEP USA,

Plaintiff,

v.

SCC PALLETS INC.,

Defendant.

No. 2:24-cv-02121-DAD-SCR

ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT AND COUNTER-CLAIMANT'S AMENDED COUNTERCLAIMS

(Doc. No. 32)

On December 3, 2025, plaintiff CHEP USA moved to dismiss defendant SCC Pallet's amended counterclaims as asserted in defendant's first amended verified answer and amended counterclaims.[1] (Doc. No. 32.) Plaintiff so moves on the ground that: defendant's counterclaim for abuse of process is barred by California's litigation privilege and therefore fails as a matter of law; SCC's unjust enrichment/restitution claim fails as a matter of law due to SCC's own allegation of an agreement between the parties barring such claims; and SCC's declaratory judgment claim should be dismissed as merely seeking hypothetical relief in light of the claims brought by the parties and as not ripe for decision. (Id. at 4–7.) Although counsel for defendant SCC participated in an unsuccessful meet and confer prior to the filing of the pending motion (*see*

[1] The court apologizes for the delay in its issuance of this order. Due to an oversight, the court was unaware that the motion was pending before it until recently.

Doc. No. 32 at 2, n1), defendant has not filed an opposition to the pending motion nor responded to it in any way.[2] Accordingly, On January 13, 2026, plaintiff filed a notice of non-opposition to their motion to dismiss. (Doc. No. 33.)

Because plaintiff's motion appears to be well-taken and supported by the legal authorities set forth therein, and noting defendant SCC's failure to file any opposition, plaintiff's motion to dismiss defendant and counter-claimant SCC's amended counterclaims (Doc. No. 32) is GRANTED.

IT IS SO ORDERED.

Dated: **September 21, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

[2] It is brought to the attention of counsel for defendant SCC that Local Rule 230(c) requires a responding party to file an opposition to a properly noticed motion or a statement of non-opposition thereto within fourteen (14) days of the motion being filed. Failure to abide by the Local Rules of the court in the future may result in the imposition of sanctions.